**FILED**

Jul 31 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ GW          DEPUTY

James Keefer, Pro Se
6266 Caminito Marcial
San Diego, CA 92111
619-820-8660
jameskeefer@outlook.com

Plaintiff Pro Se

## UNITED STATES DISTRICT COURT
## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES KEEFER,** | **Case No.: (To be assigned)**    '26CV4383 RSH VET |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. SECTION 227(b))** |
| **U.S. BANK NATIONAL ASSOCIATION,** | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. Plaintiff James Keefer brings this consumer protection action against Defendant U.S. Bank National Association to remedy severe, continuous personal harassment and privacy invasions caused by Defendant's systematic, unlawful deployment of automated robocalls and collection calls. Specifically, Defendant bombarded Plaintiff's cellular telephone with automated collection calls regarding a closed checking account ending in 4590 long after any express consent had been completely revoked, flatly violating federal law.

## II. JURISDICTION AND VENUE

2. Federal Question Jurisdiction:

This Court holds subject-matter jurisdiction over Plaintiff's federal statutory counts pursuant to 28 U.S.C. Section 1331, as this action arises directly under the Telephone Consumer Protection Act, 47 U.S.C. Section 227 et seq.

1

3. Venue Lock:

Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. Section 1391(b)(2). Plaintiff is a permanent resident of San Diego, California, residing at 6266 Caminito Marcial, San Diego, CA 92111. The substantial events and direct invasions of privacy giving rise to these claims—specifically, the physical receipt of automated collection phone calls on Plaintiff's cellular terminal—occurred directly while Plaintiff was inside his home residence in this judicial district. Defendant actively conducts continuous retail commercial banking business within this district.

## III. PARTIES

4. Plaintiff James Keefer is an individual person, a permanent resident of the State of California, and a person as explicitly defined under 47 U.S.C. Section 227(b)(1).

5. Defendant U.S. Bank National Association is a national banking association with corporate headquarters located at 800 Nicollet Mall, Minneapolis, Minnesota, and operates substantial consumer retail banking infrastructure throughout San Diego County, California. Defendant is a national banking entity that uses, operates, and controls automated corporate telephone dialing machinery to contact consumers.

## IV. STATEMENT OF FACTS

6. Prior to the events alleged herein, Plaintiff maintained a consumer checking account with Defendant ending in 4590. Defendant's internal corporate records confirm that checking account 4590 was completely closed and charged off on March 16, 2026.

7. Plaintiff explicitly alleges that Defendant's permanent closure and charge-off of checking account 4590 on March 16, 2026, constituted a unilateral cancellation and termination of all underlying deposit and consumer contractual relationships between the parties. As a matter of law, Defendant's voluntary termination of this agreement completely extinguished the underlying contract, including any nested or historical consumer arbitration provisions contained therein.

8. Following the closure of account 4590, Defendant and its automated collection operations agents began aggressively placing persistent, daily collection phone calls directly to Plaintiff's private cellular telephone number. Because these actionable telephone calls and privacy invasions occurred entirely post-termination, these consumer offenses sit completely outside the boundaries of any cancelled agreement. Consequently, Plaintiff is not bound by any expired arbitration clauses, and this Court retains absolute original jurisdiction over these claims.

9. Plaintiff explicitly revoked any prior consent Defendant claimed to possess by instructing Defendant's agents to stop calling his cellular line, putting the bank on clear notice that the debt was disputed and that further phone contact was unauthorized.

10. Despite Plaintiff's explicit revocation of consent, Defendant continued to repeatedly blast Plaintiff's cell phone using an automated telephone dialing system (ATDS) and/or an artificial or prerecorded voice message system.

11. When Plaintiff answered the incoming rings, he was routinely met with a distinct mechanical pause, a clicking sound, and an automated voice system before a live collection representative connected, which are the classic, objective operational indicators of an active ATDS platform.

12. Defendant placed a massive volume of individual automated collection calls to Plaintiff's cell phone line, causing severe personal disruption, ongoing harassment, an invasion of privacy, and a depletion of cellular device utilities.

## V. CAUSES OF ACTION

**FIRST COUNT**
**Violations of the Telephone Consumer Protection Act (TCPA)**
**(47 U.S.C. SECTION 227(b))**

13. Plaintiff realleges and incorporates paragraphs 1 through 12 as though fully set forth herein.

14. Under 47 U.S.C. Section 227(b)(1)(A)(iii), it is unlawful for any person or entity to place any call using an automated telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service without the prior express consent of the called party.

3

15. Defendant flatly violated this section by repeatedly placing automated collection calls to Plaintiff's cell phone regarding closed checking account 4590 long after Plaintiff had explicitly revoked all consent.

16. Defendant's statutory violations were willful, deliberate, and knowing under 47 U.S.C. Section 227(b)(3), as Defendant's compliance systems maintained direct knowledge that the checking account was closed and that Plaintiff demanded a complete cessation of calls, yet they deliberately chose to keep their automated dialing queues live.

17. As a direct result of Defendant's willful violations, Plaintiff is entitled to statutory damages of $500.00 per individual automated call, which this Court should treble to $1,500.00 per call due to Defendant's knowing and willful misconduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Keefer respectfully requests that this Court enter judgment in his favor and against Defendant U.S. Bank National Association, granting the following relief:

1. An Order finding that Defendant knowingly and willfully violated the TCPA by placing automated calls to Plaintiff's cell phone without consent;

2. An award of statutory damages of $500.00 for each individual call placed in violation of the TCPA;

3. An Order trebling Plaintiff's statutory damages to $1,500.00 for each individual call pursuant to 47 U.S.C. Section 227(b)(3) based on Defendant's willful and knowing violations; and

4. Such other and further relief as this Court deems just and proper.

Dated: July 30, 2026

Respectfully submitted,

James Keefer, Plaintiff Pro Se

4