UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JAMES KEEFER,
Plaintiff,
v.
U.S. BANK NATIONAL ASSOCIATION,
Defendant.

Case No.: 26-cv-4383-RSH-VET

**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE**

[ECF Nos. 2, 3]

Before the Court are two motions filed by the Plaintiff: (1) his motion to proceed *in forma pauperis* ("IFP"), ECF No. 2; and (2) his motion for leave to electronically file documents, ECF No. 3. While the Court grants the latter motion, ECF No. 3, the Court denies Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civ. L.R. 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still

afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id*. (internal quotation marks omitted). "The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court." *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

In the IFP application, Plaintiff did not answer the question regarding the amount of wages or gross pay he receives, if any. If Plaintiff does not receive any wages, he must say so. Additionally, Plaintiff's application says that he receives "SSI," but does not state the amount he receives. Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court cannot determine whether Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's application to proceed IFP is **DENIED** without prejudice. *See* ECF No. 2.

Plaintiff shall have until **October 2, 2026**, to either pay the filing fee, or file a new application by completing the **long form** application, Form AO 239, which is available on the Southern District of California website, rather than the short form he previously submitted. If the filing fee is not paid or a renewed application to proceed in forma pauperis is not filed by October 2, 2026, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.

//

//

//

//

//

//

//

//

//

## II. MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS

In light of pro se Plaintiff's representations that he agrees to follow all Rules and Policies in the CM/ECF Policies and Procedures Manual, and that he has the means to electronically file documents in compliance with Section 2(b) of that manual, the Court **GRANTS** Plaintiff's motion for leave to electronically file documents. *See* ECF No. 3.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge