UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES KEEFER,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant.

Case No.: 26-cv-4383-RSH-VET

**ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND SETTING BRIEFING SCHEDULE ON ECF NOS. 7, 8, 9**

[ECF No. 6]

Before the Court is Plaintiff's second motion to proceed *in forma pauperis* ("IFP"). ECF No. 6. The Court denied Plaintiff's first motion to proceed IFP without prejudice on the grounds that Plaintiff had not indicated the amount of wages or gross pay he receives, nor the amount of "SSI" benefits that Plaintiff indicated he receives. ECF No. 5. The Court grants Plaintiff's second motion to proceed IFP. ECF No. 6. The Court sets a briefing schedule on Defendant's motion to compel arbitration and Plaintiff's motion to strike. ECF Nos. 7, 8, 9.

## I. IFP MOTION

All parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civ. L.R. 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize

the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id.* (internal quotation marks omitted). "The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court." *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Plaintiff's second application is complete and establishes the requisite financial need. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Even if Plaintiff qualifies for IFP status, the Court must screen the Complaint to ensure that it states a claim on which the court can grant relief, that it states claims against parties who are not immune from suit, and that the action is not frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the screening provisions of § 1915(e) apply to both prisoners and non-prisoners).

In screening Plaintiff's Complaint to determine whether it fails to state a claim upon which relief can be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard, which is read in conjunction with Federal Rule of Civil Procedure Rule 8. *McDonald v. Riverside Cnty. Sheriff Dep't*, 2020 WL 6083669, at *1 (C.D. Cal. July 27, 2020) (collecting cases).

"[T]he Telephone Consumer Protection Act of 1991 ("TCPA") generally makes it unlawful, absent the prior express consent of the called party to make any call using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone

service." *Howard v. Republican Nat. Comm.*, 164 F.4th 1119, 1120 (9th Cir. 2026) (citation modified) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). As relevant here, the TCPA provides that: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."[1] 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to plausibly plead a violation of Section 227(b)(1)(A)(iii), the plaintiff must plead that the defendant (1) made a call, (2) to a telephone number assigned to a cellular telephone service (or another enumerated service in the statute), (3) using an artificial or prerecorded voice. *Howard*, 164 F.4th at 1123. The TCPA addresses the use of an artificial or prerecorded voice to begin a call. *Id.* at 1125 ("Construed in accordance with their ordinary meaning, the words 'make' or 'initiate,' when used with reference to a 'call,' refer to the manner in which a call to a telephone is *begun*.").

Plaintiff alleges that he maintained a consumer checking account with Defendant. ECF No. 1 ¶ 6. After closing the account, Plaintiff alleges that "Defendant and its automated collection operations agents began aggressively placing persistent, daily collection phone calls directly to Plaintiff's private cellular telephone number." *Id.* ¶ 8. Plaintiff alleges that when he "answered the incoming rings, he was routinely met with a distinct mechanical pause, a clicking sound, and an automated voice system before a live collection representative connective, which are the classic, objective operational indicators

---

[1] The exception for calls placed "solely to collect a debt owed to or guaranteed by the United States" was held unconstitutional in *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 613–14 (2020), and severed from the statute.

of an active ATDS platform." *Id.* ¶11. Plaintiff alleges that "Defendant placed a massive volume of individual automated collection calls to Plaintiff's cell phone line."

The Court concludes that the complaint contains sufficient allegations to survive screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. BRIEFING SCHEDULE

On September 28, 2026, Defendant filed a motion to compel arbitration. ECF No. 7. Plaintiff moved to strike the filing on the same date. *See* ECF Nos. 8, 9. The Court sets the following briefing schedule on the motions:

1. Plaintiff is directed to file an opposition to Defendant's motion to compel arbitration on or before November 9, 2026. Defendant may file a reply on or before November 16, 2026.

2. Defendant is directed to file an opposition to Plaintiff's motion to strike on or before November 9, 2026. Plaintiff may file a reply on or before November 16, 2026.

All filings must comply with the court's Civil Local Rules and this Court's Chambers Civil Pretrial Procedures. In particular, the Court reminds the parties that noticed motions must comply with the Court's Chambers Civil Pretrial Procedures, Section III(B). The Court will not hear oral argument on either motion unless set by other order.

## IV. CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's second motion to proceed *in forma pauperis*. ECF No. 6.
2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint, ECF No. 1, for Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the Complaint and summons for use in serving Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. Civ. Loc. R. 4.1(c), and return the forms to the United States Marshal according to the

instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

3. **ORDERS** the USMS to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).

5. **ORDERS** Plaintiff, after service has been effected by the USMS, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or its counsel, and the date of that service. *See* S.D. Cal. Civ. Loc. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendant, or its counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge